UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 13-_____               *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.          **VERIFIED COMPLAINT FOR FORFEITURE** *IN REM*

**REAL PROPERTIES LOCATED IN GREENUP                     DEFENDANTS
COUNTY, KENTUCKY, WITH ALL IMPROVEMENTS
AND APPURTENANCES THEREON, OWNED BY
JOHN MADDUX AND CHRISTINA CARMAN**

**REAL PROPERTIES LOCATED IN NAVAJO COUNTY,
ARIZONA, WITH ALL IMPROVEMENTS AND
APPURTENANCES THEREON, OWNED BY
THE JUDITH ANN THIEBEN FAMILY LIVING TRUST,
THE GLENN E. HERNDON FAMILY LIVING TRUST,
JUDITH A. THIEBEN,
JOHN W. MADDUX**

\* \* \* \* \*

Now comes the plaintiff, United States of America, by and through counsel, Wade T. Napier, Assistant United States Attorney for the Eastern District of Kentucky, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1.      This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A) and (C) for the forfeiture of property involved in a transaction in violation of 18 U.S.C. § § 1956, 1957, 1960, 2341, or 2342, and which constitutes or is derived

from proceeds traceable to an offense constituting a "specified unlawful activity" as defined in § 1956(c)(7), that is, 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud), 2341 and 2342 (trafficking in contraband cigarettes).

## THE DEFENDANTS *IN REM*

2. The Defendant real properties located in Greenup County, Kentucky, are more particularly described as follows:

   a. <u>314 Ferry Street, Russell, Kentucky</u>
      TRACT I:  BEING that certain lot lying on the North side of Ferry Street, In Russell, Kentucky, conveyed party of the first part (J.E. Lynd) by Lester Lynd and Margaret Lynd on May 4, 1928, by Deed recorded in Deed Book No. 70, Page 466, Greenup County Records; BEGINNING at a point in Ferry Street, corner to the Town House Lot, occupied (City Building); thence on a line twenty-five (25) feet to a point in Ferry Street corner to other land owned by Nuna Stephens; thence on a line of same One Hundred Twenty (120) feet to an alley; thence on line of same Twenty-five (25) feet to the City Building; thence on a line One Hundred Twenty (120) feet to Ferry Street, the place of beginning.

      Being the same property conveyed to John Maddux by Deed dated January 18, 2006, of record in Deed Book 535, Page 170, in the office of the Greenup County Clerk.

   b. <u>112 Bellefonte Drive, Ashland, Kentucky</u>
      Situated in Greenup County, Kentucky, and being a part of Lot No. 13, Block No. 2, Means and Russell Iron Company's Bellefonte Subdivision, as recorded in Plat Book 2, Page 101, in the Office of the Clerk of the Greenup County Court of Kentucky, being more particularly described as follows:

      Beginning at a point in the southerly line of Bellefonte Drive, the northeasterly corner of the portion of Lot No. 13 deeded by Giuseppe A. Muccini and Vincenzina Muccini to Robert Stanley Knox and Lois Haskins Knox by deed dated August 27, 1980, as recorded in Deed Book 323, P. 434; thence running through said Lot No. 13 S 4° 16W

159.8 feet to a point on Lot No. 4 being the same southeasterly point of the portion of said Lot No. 13 deeded to the Knoxes by the aforesaid deed dated August 27, 1980; thence with the northerly line of Lot 4, S 79° - 17' E, a distance of 83.18 feet to a concrete monument, corner of Lots 3, 4 and 14, Block 2; thence with the line of Lot 14 N 4° - 16' E, a distance of 190.18 feet to a concrete monument in the south line of Bellefonte Drive; thence with the southerly line of Bellefonte Drive westerly on a curve to the right a distance of 85.34 feet to the point of beginning, as shown on attached plat.

The foregoing real estate in conveyed subject to all covenants, easements restrictions and reservations previously imposed and appearing of record, and further subject to an and all right, title and interest granted and conveyed by Guiseppe A. Muccini and Robert Stanley Knox and Lois Knox by deed dated August 27, 1980 and recorded in Deed Book 323, Page 434, Greenup County Clerk's records.

TOGETHER with all tenements, hereditaments, and appurtenances, with every privilege, right, title, interest and estate, reversion, remainder and easement thereunto belonging or in any way appertaining.

Being the same property conveyed to Christina Carman by Deed dated April 25, 2008, of record in Deed Book 547, Page 601, in the office of the Greenup County Clerk.

3. The Defendant real properties located in Navajo County, Arizona, are more particularly described as follows:

   a. <u>3637 Deep Forest Drive, Pinetop, Arizona</u>
   LOT 37, of Pinetop Lakes Country Club Unit One, according to the plat of record in the office of the county recorder of Navajo County, Arizona, recorded in Book 11 of Plats, Page 14.

   Subject to: Existing taxes, assessments, liens, encumbrances, covenants, conditions, restrictions, rights of way and easements of record.

   Being the same property conveyed to Glenn E. Herndon and Judith A. Thieben by Warranty Deed dated April 5, 2006, Document Identifier: 2006-14504, of record in the office of the county recorder of Navajo

County, Arizona. Glen E. Herndon conveyed his interest to The Glenn E. Herndon Family Living Trust by Special Warranty Deed dated September 12, 2006, Document Identifier: 2006-28541. Judith A. Thieben conveyed her interest to The Judith Ann Thieben Family Living Trust by Special Warranty Deed dated September 12, 2006, Document Identifier: 2006-28542.

b. <u>3769 Deep Forest Drive, Pinetop, Arizona</u>
Lot 43, Pinetop Lakes Country Club Unit One, according to Book 11 of Plats, Page 14, records of Navajo County, Arizona. **and amended and restate under Agreement date November 6, 2006.

Subject to: Current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.

Being the same property conveyed to Glenn E. Herndon and Judith Thieben by Warranty Deed dated May 4, 2010, Document Identifier: 2010-07630, of record in the office of the county recorder of Navajo County, Arizona. Glenn E. Herndon and Judith Thieben executed Quit Claim Deed dated August 19, 2010 to Judith Ann Thieben as Trustee, or her successors in trust, under the Judith Ann Thieben Family Living Trust, Document Identifier: 2010-13695. Warranty Deed dated November 20, 2012 conveyed the property to Judith A. Thieben, Document Identifier: 2012-20044.

c. <u>3548 & 3588 Cary Court, Pinetop, Arizona</u>
That part of Tract C, Pinetop Country Club Unit 1, according to Book 8 of Plats, page 46, records of Navajo County, Arizona, being described as Parcels 1, 2 and 5, Section 2, Township 8 North, Range 23 East, according to Book 43 of Land Surveys, pages 20 and 21, records of Navajo County, Arizona;

EXCEPT all minerals as reserved in Patent from United States of America.

Subject to: Current taxes and other assessments, reservations in patents and all easements, rights of way, encumbrances, liens, covenants, conditions, restrictions, obligations, and liabilities as may appear of record.

4

>Being the same property conveyed to Judith A. Thieben and John W. Maddux by Joint Tenancy Deed dated November 20, 2012, Document Identifier: 2012-20043, of record in the office of the county recorder of Navajo County, Arizona.

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

5. The United States does not request authority from the Court to seize the real property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

> a. post notice of this action and a copy of the Complaint on the defendant real property, and
>
> b. serve notice of this action on the defendant real property owners, and any other person or entity who may claim an interest in the defendant, along with a copy of this Complaint, and
>
> c. execute a writ of entry for purposes of conducting an inspection and inventory of the property, and
>
> d. file a lis pendens in county records of the defendant real properties giving notice of the property's status as a defendant in this in rem action.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1395(b) and 1395(a) because the property is located in this district and/or the conduct giving rise to this action took place in this district.

## BASIS FOR FORFEITURE

7. The Defendant real properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of section 1956, 1957, 1960, 2341, or 2342 of Title 18 or, or any property traceable to such property.

8. The Defendant real properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to a violation of section 1341, 1343, 2341, or 2342 of Title 18.

9. The facts and circumstances supporting the forfeiture of the Defendant real and personal properties are set forth in the affidavit of Special Agent Carrie Funke which is attached hereto and incorporated herein by reference.

WHEREFORE, the United States of America prays that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                KERRY B. HARVEY
                UNITED STATES ATTORNEY

By:   /s Wade T. Napier
       Assistant United States Attorney
       207 Grandview Drive, Suite 400

        Ft. Mitchell  KY  41017
        (859) 655-3205
        Fax: (859) 655-3211
        e-mail:  wade.napier@usdoj.gov